UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JUAN MANUELORTIZ MARTINEZ, | ) | CASE NO.: 4:26-cv-02657 |
| | ) | |
| PETITIONER, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| MARKWAYNE MULLIN, *et al.*, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Respondents. | ) | |
| | ) | |

Before the Court is Petitioner Juan Manuel Ortiz Martinez's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking immediate release from federal custody. (Doc. 1). Respondents Kevin Raycraft, Detroit Field Office Director of Enforcement and Removal Operations of the Detroit Immigration and Customs Enforcement ("ICE") Field Office; Markwayne Mullin, Secretary of the United States Department of Homeland Security; Todd Blanche, Attorney General of the United States; and the Warden of the Mahoning County Jail (together "Respondents") opposed Petitioner's immediate release. (Doc. 4.) Petitioner replied. (Doc. 6.) For the following reasons, Petitioner's request for immediate release is DENIED, but, as Respondents concede, Petitioner is entitled to a bond hearing.

## I. BACKGROUND

Petitioner is a Mexican national. (Doc. 1 ¶ 2.)[1] After twice attempting to enter the United States and being returned to Mexico by United States Customs and Border Patrol (Doc. 4-

[1] Citations to the Petition are to the paragraph number assigned therein.

1 at 28),[2] he again entered the country without inspection in or around 2020. (Doc. 1 ¶ 2.)

On November 29, 2024, Indianapolis Metropolitan Police arrested Petitioner for domestic battery. (Doc. 4-1 at 28.) Following a separate arrest for driving without a Commercial Driver's License, the Marion County Sherrif's Department transferred him to ICE custody on December 9, 2024. (*Id.*; Doc. 1 ¶¶ 3, 25.) Petitioner posted a $4,000 bond and was released. (Doc. 4-1 at 28; Doc. 1 ¶ 3.) He continued to reside in the United States with his fiancé, a U.S. citizen. (Doc. 1 ¶¶ 23-24.) Petitioner is the father of two U.S. citizen children, who live with their mother in Indiana. (*Id.* ¶ 24.)

On August 21, 2026, Petitioner encountered ICE agents while installing fiber optic cables in Lorain County, Ohio. (Doc. 4-1 at 27.) ICE arrested him, revoked his bond, and detained him in the Mahoning County Jail, where he remains today. (Doc. 1 ¶ 26; Doc 4-1 at 2.) He did not receive a bond hearing. (Doc. 1 ¶ 26.)

Petitioner filed his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on October 9, 2026. The Petition argues he is improperly detained under 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme. (Doc. 1 ¶ 28.) His continued detention without a bond hearing thus violates the Due Process clause of the Fifth Amendment, Petitioner contends. (Doc. 1 ¶ 28.)

Pursuant to the Court's Show Cause Order, (Doc. 2), Respondents responded to the Petition. (Doc. 4.) Petitioner timely replied. (Doc. 6.) Respondents replied again. (Doc. 7.)[3]

---

2 For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

[3] The Court's Show Cause Order did not permit Respondents to file a sur-reply, (Doc. 2), nor did Respondents seek leave to make such a filing. For this reason, the Court declines to consider arguments raised in the sur-reply.

## II. LAW AND ANALYSIS

Any "individual detained within the United States" may seek a writ of habeas corpus. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525, 124 S. Ct. 2633, 159 L. Ed. 2d 578 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). Habeas relief is available where a person's custody violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

On May 11, 2026, the Sixth Circuit decided *Lopez-Campos v. Raycraft*. In its decision, the panel held that mandatory detention under 8 U.S.C. § 1225(b)(2)(A) applies only to noncitizens "seeking admission," meaning those "in search of lawful entry into the United States via inspection and authorization by an immigration officer." *Lopez-Campos v. Raycraft*, 175 F.4th 713, 723 (6th Cir. 2026). As a result of the statutory language, after unlawful entry, noncitizens are subject to permissive detention under 8 U.S.C § 1226(a) and are entitled to bond hearings. *Id.* at 723-24.

Respondents concede *Lopez-Campos* controls the outcome here. (Doc. 4 at 24.) Thus, there is no dispute that Petitioner was improperly subject to mandatory detention under § 1225(b)(2)(A) or that his detention violates the Fifth Amendment. (*Id.*) The parties, however, disagree on the proper remedy. Petitioner argues immediate release is the correct remedy because a bond hearing alone "would not remedy the core constitutional violation at issue here." (Doc. 1 ¶¶ 41-42.) Respondents view a bond hearing as more appropriate given Petitioner's criminal history. (Doc. 4 at 25.)

In similar circumstances, other courts in this District and across the Sixth Circuit have concluded that a bond hearing is the more appropriate remedy. *See, e.g.*, *Hernandez-Cine v. Voorhies*, No. 4:26-CV-421, 2026 WL 972364, 2026 U.S. Dist. LEXIS 78497, at *14 (N.D. Ohio Apr. 10, 2026); *Campos-Rios v. Blanche*, No. 3:26-CV-00640, 2026 WL 1361650, 2026 U.S.

Dist. LEXIS 107764, at *39 (N.D. Ohio May 15, 2026); *Lopez v. Blanche*, No. 4:26-CV-01163, 2026 WL 1791253, 2026 U.S. Dist. LEXIS 138455, at *10 (N.D. Ohio June 23, 2026), *report and recommendation adopted sub nom. Lopez v. Acting U.S. Att'y Gen.*, No. 4:26-CV-1163, 2026 WL 1974695 (N.D. Ohio July 8, 2026); *Alsyouf v. Bullock*, No. 2:26-CV-02762, 2026 WL 2088111, 2026 U.S. Dist. LEXIS 160167, at *7 (W.D. Tenn. July 20, 2026); *Chanthamany v. Olson*, No. 5:26-CV-134, 2026 WL 2268294, 2026 U.S. Dist. LEXIS 175472, at *12-15 (W.D. Ky. Aug. 6, 2026). Indeed, the relief affirmed in *Lopez-Campos* was individualized bond hearings. 175 F.4th at 734.

The Court declines to order Petitioner's immediate release and instead orders Respondents to provide a bond hearing within seven (7) days of the date of this Order. At that hearing, Respondents shall bear the burden of proving Petitioner's continued detention is justified or warranted by clear and convincing evidence. *See Soto-Medina v. Lynch*, 817 F. Supp. 3d 612, 621-28 (W.D. Mich. 2026); *accord Singh v. Stevens*, 821 F. Supp. 3d 898, 912 (N.D. Ohio 2026) (Pearson, J.); *Yokobatake v. Blanche*, No. 3:26-CV-1475, 2026 WL 2349432, 2026 U.S. Dist. LEXIS 180919, at *20-21 (N.D. Ohio Aug. 13, 2026) (Oliver, J.); *Campos-Rios*, 2026 U.S. Dist. LEXIS 107764, at *39 (Barker, J.); *Gill v. Mullin*, No 4:26-CV-00523, 2026 WL 1215055, 2026 U.S. Dist. LEXIS 97259, at *7 (N.D. Ohio May 4, 2026) (Brennan, J.); *Rodriguez v. Greene*, No. 4:26-CV-0333, 2026 WL 574961 2026 U.S. Dist. LEXIS 41849, at *38-40 (N.D. Ohio Mar. 2, 2026) (Polster, J.).

## III. CONCLUSION

For the reasons stated herein, Petitioner Juan Manuel Ortiz Martinez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) seeking immediate release from federal custody is DENIED. However, as Respondents concede, Petitioner is entitled to an appropriate bond hearing. Accordingly, by 5:00 p.m. on November 9, 2026, Respondents must afford

Petitioner a bond hearing before an immigration judge consistent with this Order, or release him from custody. During that hearing, the burden is on Respondents to show by clear and convincing evidence that Petitioner poses a flight risk or is a danger to the community such that continued detention is justified.

**IT IS SO ORDERED.**

Date: November 2, 2026

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE